[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 26, 2006
THOMAS K. KAHN
CLERK

No. 05-13891
Non-Argument Calendar

_____

D. C. Docket No. 00-00006-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MOSHE SHEMESH,
a.k.a. Eli Shemesh,

Defendant-Appellant.

_____

No. 05-13892
Non-Argument Calendar

_____

D. C. Docket No. 98-00784-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MOSHE SHEMESH,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

**(May 26, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Moshe Shemesh appeals his 78-month sentence for importation of

heroin, in violation of 21 U.S.C. § 952(a), and contempt of court, in violation of 18

U.S.C. § 401(3). On appeal, Shemesh argues that the district court clearly erred by

(1) failing to give him the three-point acceptance-of-responsibility reduction, (2)

refusing to give him a minor-role reduction, and (3) imposing an unreasonable

sentence.  After careful review, we affirm.

A district court's determination that a defendant is not entitled to a reduction

for acceptance of responsibility is reviewed for clear error.  *United States v.*

*Calhoon*, 97 F.3d 518, 531 (11th Cir. 1996).  A district court's decision regarding

acceptance of responsibility "will not be set aside unless the facts in the record

2

clearly establish that a defendant has accepted personal responsibility." *United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999). Under the Sentencing Guidelines, a defendant who "clearly demonstrates acceptance of responsibility for his offense" may be eligible for a two- or three-level reduction in offense level. U.S.S.G. § 3E1.1. The commentary states that conduct resulting in an enhancement for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1 comment. (n.4). However, the commentary further states that there may be "extraordinary cases" in which both adjustments may apply. *Id.*

Because the record demonstrates that Shemesh again broke the law by fleeing the country before he was sentenced for his heroin offense, the district court did not clearly err by finding that he was not entitled to an acceptance of responsibility reduction.

Shemesh next argues that he was entitled to a two-level reduction for playing a minor role because, as a mere internal carrier of the heroin, not a supplier or distributor, he was a replaceable, non-integral participant in the ongoing drug importation scheme.

We review a district court's decision of whether to grant a minor-role reduction for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir.

3

1999) (en banc). Minor participants may receive a two-level reduction to their base offense levels. U.S.S.G. § 3B1.2(b). A minor participant in the offense "means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.3). The defendant has the burden of establishing his role by a preponderance of evidence. *De Varon*, 175 F.3d at 937. For a sentencing court to determine whether to grant a minor-role reduction, it considers two principles. *Id.* at 940. First, the court must measure the defendant's role against the relevant conduct for which he is being held accountable. *Id.* We have noted that "[o]nly if the defendant can establish that she played a relatively minor-role in the conduct for which she has already been held accountable - not a minor role in any larger criminal conspiracy - should the district court grant" a minor-role reduction. *Id.* at 944. The second prong of the minor-role reduction analysis permits a district court, "where the record evidence is sufficient . . . [, to] measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant." *Id.* at 934.

Because Shemesh played an equally important role in the importation of the heroin for which he was held accountable, we conclude that the district court did not clearly err in not granting him a minor-role reduction.

Shemesh finally argues that his sentence was unreasonable, considering the

18 U.S.C. § 3553(a) factors. After *United States v. Booker*, 543 U.S. 220, 261, 125 S. Ct. 738, 765, 160 L. Ed. 2d 621 (2005), we review sentences under the advisory guideline regime for "unreasonable[ness]." Following the *Booker* decision, we have stated that the district court first must correctly calculate the defendant's guideline range, then, using the § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence, as long as it is reasonable. *United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005). The relevant § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [treatment]; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range. . .; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); *Booker*, 543 U.S. at 260-61, 125 S. Ct. at 765-66. There is no requirement, however, that the district court engage in a detailed, step-by-step analysis of every factor, as we have held, "nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*,

426 F.3d 1324, 1329 (11th Cir. 2005).

"Review for reasonableness is deferential." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." *Id.* A sentence within the advisory guideline range is not *per se* reasonable, but is expected to be reasonable. *See id.* ("when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one."). In *Scott*, we, after holding that a district court's statement that it had considered the § 3553(a) factors alone is sufficient in post-*Booker* sentences, concluded that the defendant's sentence was reasonable because the district court accurately calculated the guideline range, and the defendant's sentence at the low end of the range reflected the court's consideration of his evidence in mitigation. *See Scott*, 426 F.3d at 1329-30.

Here, the record demonstrates that the district court considered both the § 3553(a) factors and the parties' arguments in sentencing Shemesh, and, therefore, his sentence was reasonable. Accordingly, we affirm Shemesh's sentence.

**AFFIRMED.**

6